Court Exhibit #2

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 24, 2026

**By Email**
Mr. Noam Biale, Esq.
Sher Tremonte LLP
90 Broad Street, 23rd Floor
New York, New York 10004
NBiale@shertremonte.com

**Re: *United States v. Maurice Patterson*, S1 26 Cr. 169 (WFK)**

Dear Mr. Biale:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Maurice Patterson ("the defendant") to Count One of the above-referenced Superseding Information.

Count One charges the defendant with assaulting a United States judge, in violation of Title 18, United States Code, Sections 115(a)(1)(A) and (b)(1)(B)(i), and carries a maximum term of imprisonment of one year, a maximum term of probation of five years, a maximum term of supervised release of one year, a maximum fine of $100,000, and a $25 mandatory special assessment. In addition to the foregoing, the Court must order restitution as specified below.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for his assault on a United States judge on or about April 17, 2026, as charged in Count One of the Superseding Information, it being understood that this Agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges the defendant is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

PG NB MP

The defendant further agrees to make restitution in an amount ordered by the Court in accordance with Title 18, United States Code, Sections ~~3664A~~ 3663A(a)(1) and (c)(1)(A)(i), and that the obligation to make such restitution shall be made a condition of probation, *see* 18 U.S.C. § 3563(b)(2), or of supervised release, *see* 18 U.S.C. § 3583(d), as the case may be. The restitution amount shall be paid according to a plan established by the Court. The defendant will be given

credit against this restitution amount for any payments made prior to sentencing, as verified by the Office.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

**A. <u>Offense Level</u>**

1. The applicable Guidelines manual is the November 1, 2025 edition.

2. The Guideline applicable to the offense charged in Count One is U.S.S.G. § 2A2.3.

3. Pursuant to U.S.S.G. § 2A2.3(a)(2), the base offense level is 4.

4. Pursuant to U.S.S.G. § 3A1.2(b), because the victim was a government officer or employee, the offense was motivated by such status, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), the offense level is increased by 6 levels.

5. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).

In accordance with the above, the applicable Guidelines offense level is 8.

**B. <u>Criminal History Category</u>**

Based upon this Office's current understanding (including from representations by the defense), the defendant has three criminal history points, calculated as follows:

1. On or about January 19, 2011, the defendant was sentenced to 120 months' imprisonment and a five-year term of supervised release, following his conviction in the United States District Court for the Southern District of New York, for conspiracy to distribute crack cocaine, in violation of Title 21, United States Code, Sections 846, 812, 841(a)(1), and 841(b)(1)(A). On or about May 15, 2020, the defendant was sentenced to four months' imprisonment, following his revocation of supervised release. On or about December 15, 2020, the defendant was sentenced to twelve months' imprisonment, concurrent, following his revocation of supervised release. Pursuant to U.S.S.G. §§ 4A1.1(a) and 4A1.2(k), this sentence results in three criminal history points.

2. On or about July 27, 2009, the defendant was sentenced to time served, following his conviction in Bronx County Supreme Court of resisting arrest, in violation of New York Penal Law ("NYPL") § 205.30. Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in zero criminal history points.

3. On or about October 21, 2004, the defendant was sentenced to a five-year term of probation, following his conviction in Bronx County Supreme Court of reckless endangerment in the first degree, in violation of NYPL § 120.25. On or about January 24, 2006, the defendant was re-sentenced, following a violation of probation, and was sentenced to one to three years' imprisonment. Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in zero criminal history points.

4. On or about January 15, 2004, the defendant was sentenced to thirty days' imprisonment and a thirty day order of protection, following his conviction in Bronx County Criminal Court of two counts of criminal contempt in the second degree: disobey court; petit larceny; assault in the third degree: with intent to cause physical injury; public lewdness; attempted assault in the third degree; and criminal mischief: intent to damage property, in violation of NYPL §§ 215.50, 155.25, 120.00, 245.00, and 145.00. Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in zero criminal history points.

5. On or about September 5, 2003, the defendant was sentenced to thirty days' imprisonment, following his conviction in New York County Criminal Court of reckless endangerment in the second degree, in violation of NYPL § 120.20. Pursuant to U.S.S.G. § 4A1.2(e)(3), this sentence results in zero criminal history points.

In accordance with the above, the defendant's Criminal History Category is II.

## C. <u>Sentencing Range</u>

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 4 to 10 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 8, the applicable fine range is $2,000 to $20,000.

The parties agree that no other adjustments pursuant to the Guidelines are warranted. Accordingly, neither party will seek any adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such an adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a); (iii) to seek an appropriately adjusted

Guidelines range if it is determined based upon information not contained in this Agreement that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through the defendant's allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments or calculations different from those stipulated to above, or contemplates any sentence outside of the Stipulated Guidelines Range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that the defendant's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw the defendant's plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed that the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the defendant's conviction. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. It is further agreed that (i) the defendant will not file a direct appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, any sentence within or below the Stipulated Guidelines Range of 4 to 10 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of

any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal or bring a collateral challenge of any term of supervised release or probation that is less than or equal to the statutory maximum or any condition of supervised release or probation imposed by the Court for which he had notice, including from a recommendation by the Probation Office in the presentence investigation report, and an opportunity to object. The defendant also agrees not to appeal or bring a collateral challenge of any fine that is less than or equal to $20,000, and the Government agrees not to appeal any fine that is greater than or equal to $2,000. The defendant also agrees not to appeal or bring a collateral challenge to any special assessment that is less than or equal to $25. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that the defendant has accepted this Agreement and decided to plead guilty because the defendant is in fact guilty.

By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material (other than information establishing the factual innocence of the defendant), including *Jencks* Act material, material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if the defendant is not a citizen of the United States, the defendant's guilty plea and conviction make it very likely that the defendant's removal from the United States is presumptively mandatory and that, at a minimum, the defendant is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, the defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if the defendant's naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that the defendant has discussed the possible immigration consequences (including removal or denaturalization) of the defendant's guilty plea and conviction with defense counsel. The defendant affirms that the defendant wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw the defendant's guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge the defendant's conviction or sentence on direct appeal, or through litigation under 28 U.S.C. § 2255 and/or § 2241, on the

basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the defendant's guilty plea and conviction.

It is further agreed that should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

[Continued on next page]

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

JAMES M. McDONALD
United States Attorney

By: [signature]
Patrick J. Gallagher
Assistant United States Attorney
(212) 637-2251

APPROVED:

[signature: Nick Bradley (SPH)]
Nicholas S. Bradley
Co-Chief, General Crimes Unit

AGREED AND CONSENTED TO:

[signature]
MAURICE PATTERSON

8-25-26
DATE

APPROVED:

[signature]
Noam Biale, Esq.
Attorney for Maurice Patterson

8/25/26
DATE