UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

MAURICE PATTERSON,

Defendant.

**DECISION AND ORDER**
26-CR-169 (WFK) (JAM)

**WILLIAM F. KUNTZ, II, United States District Judge:**
Before this Court is the Government's letter motion to seal defense counsel's request for deferred prosecution or resolution through a misdemeanor information ("Defendant's Letter" or "Def.'s Letter"). *See* Gov't Letter Mot. ("Gov't Mot."), ECF No. 30. For the following reasons, the Government's motion is **DENIED**.

## I. BACKGROUND

The Court assumes familiarity with the underlying issues in this action and only recites the factual and procedural history relevant to the instant issue.

On April 20, 2026, the Government filed a sealed complaint against Maurice Patterson ("Defendant") in the U.S. District Court for the Southern District of New York. ECF No. 1.[1] On April 21, 2026, Defendant was arrested. Apr. 21, 2026 Min. Entry. Magistrate Judge Henry J. Ricardo held a detention hearing as to Defendant in the Southern District of New York the same day. ECF No. 4. Magistrate Judge Ricardo ordered Defendant detained. *Id.*

On April 22, 2026, Chief Judge Debra Ann Livingston of the U.S. Court of Appeals for the Second Circuit designated this Court to "perform the duties of the United States District Judge temporarily for the Southern District of New York" pursuant to 28 U.S.C. § 294(c).

On May 5, 2026, a U.S. Grand Jury returned a single-count indictment charging Defendant with one count of threatening a federal judge in violation of 18 U.S.C. § 115(a)(1)(B)

[1] Citations are to the docket in *United States v. Patterson,* 26-CR-169. Page pincites refer to the ECF page numbers assigned to a filing where available, and where no ECF heading is present, to the page numbers listed in the original filing.

and (b)(4). ECF No. 5. On May 7, 2026, Magistrate Judge Joseph A. Marutollo arraigned Defendant on the indictment and continued Defendant's detention without prejudice to Defendant submitting a bail application. May 7, 2026 Min. Entry; ECF No. 9.

On June 9, 2026, the Court declared this action a complex case pursuant to 18 U.S.C. § 3161(h) and scheduled a jury trial to commence October 19, 2026. ECF No. 22.

On August 21, 2026, Defendant filed a letter motion requesting a change-of-plea hearing. ECF No. 25. On August 25, 2026, the Government filed a superseding information (the "Superseding Information") charging Defendant with "knowingly assault[ing] a United States judge, with intent to impede, intimidate, and interfere with such judge while engaged in the performance of official duties, and with intent to retaliate against such judge on account of the performance of official duties" in violation of 18 U.S.C. § 115(a)(1)(A) and (b)(1)(B)(i). ECF No. 27. The same day, Defendant pled guilty to the sole count in the Superseding Information pursuant to a plea agreement. ECF No. 28.

At the change-of-plea hearing, the Government also provided the Court with a letter request from defense counsel to defer prosecution in this matter or proceed pursuant to a misdemeanor plea. *See* Def.'s Letter at 1, ECF No. 29.

## II. LEGAL STANDARD

It is "well established" the public has both a common law and a qualified First Amendment public right of access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). This presumption is "based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Sours Edwards*, 19-CR-64, 2022 WL 1158561, at *1

(S.D.N.Y. Apr. 18, 2022) (Woods, J.) (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action" and is within the "sound discretion" of the Court. *Id.* at *2 (internal citations omitted). This burden is "a heavy one[.]" *In re Application to Unseal 98 CR. 1101(ILG)*, 891 F. Supp. 2d 296, 299 (E.D.N.Y. 2012) (Glasser, J.).

Where, as here, the Government seeks to seal a judicial document,[2] the Court must "determine the weight of the presumption of access to that document," and balance that against "all of the factors that legitimately counsel against disclosure[.]" *Sours Edwards*, 2022 WL 1158561, at *2 (internal citation omitted). The continued sealing of a document is only warranted where there are specific, on-the-record findings any such sealing would be necessary to preserve higher values and only if the sealing order is "narrowly tailored to serve that interest." *Id.* at *1 (citing *Lugosch*, 435 F.3d at 120); *see also United States v. Aziz*, 24-CR-380, 2026 WL 2123621, at *3 (E.D.N.Y. July 20, 2026) (Merle, J.).

## III. DISCUSSION

The Government has failed to overcome the presumption of public access to Defendant's Letter.

### A. The Victim Has Already Been Identified on the Public Record in this Case

The Government first argues Defendant's Letter should be sealed because it "repeatedly identifies the victim in this case—who is a sitting federal judge—by name" and the Government

[2] A "judicial document" is "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020).

has not "publicly revealed the victim by name and has instead referred to the victim as 'Judge-1' in Court filings." *See* Gov't Letter at 1.

However, the Government does not address how said victim has already been identified several times in open court, both during status conferences and the change-of-plea hearing. *See, e.g.,* Court Real Time Transcript ("RT Tr.") at 41:18–24 (Defendant's allocution stating, "I went to the courthouse . . . [in] Manhattan to protest against Judge [Rakoff.] [P]rior to that . . . I had posted threatening content on [media] about Judge [Rakoff]."). "The Second Circuit has noted that a court lacks power to seal information that, although once sealed, has been publicly revealed." *In re Application to Unseal 98 CR. 1101(ILG)*, 891 F. Supp. 2d at 300 (citing *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 144 (2d Cir. 2004)). "[O]nce [information] is public, it necessarily remains public." *Id.*; *see also Miller v. City of Ithaca*, 10-CV-597, 2013 WL 12310675, at *1 (N.D.N.Y. Feb. 15, 2013) (McAvoy, J.) (finding redaction of information stated at trial improper because "this information became public the moment it was uttered" in court).

In short, the horse is decidedly out of the barn; the cat out of the proverbial bag. The Government's decision to refer to the victim as "Judge-1" in the Superseding Information does not cure that fact.

### B. Defendant's Letter was Offered in Open Court to be Considered at the Change-of-Plea Hearing

Furthermore, the weight to be given to the presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Lugosch,* 435 F.3d at 119.

Here, Defendant's Letter was not filed under seal but rather offered last minute, in open court, just prior to a public change-of-plea hearing. During the public hearing, the Government

expressly requested the Court consider Defendant's Letter prior to taking his plea. *See* RT Tr. at 4:7–11 ("The Court: All right. Government, do you believe I need to see [Defendant's Letter] in advance of the plea? [Government]: . . . [N]ow would be the [appropriate] time[,] yes[,] Your Honor."). Therefore, "on a continuum from matters . . . directly affect[ing] an adjudication to matters that come within a court's purview solely to [e]nsure their irrelevance," Defendant's Letter is decidedly the former and weighs against sealing. *Id.*

**C. The Public Interest is Not Outweighed by Defendant's Words**

Finally, the Government argues Defendant's views—as articulated in the letter—could be misconstrued as having "an air of credibility" and "could appeal to individuals oriented similarly to [Defendant], who have unfounded—and potentially dangerous—grievances against members of the federal government generally, the judiciary, or [Judge Rakoff] specifically." Gov't Mot. at 1.

The public interest in being aware of a threat to a highly regarded federal judge outweighs either party's interest in attempting to seal open court proceedings. Threats to public officials are of key public interest, and awareness of such facts are essential to maintaining the rule of law. Furthermore, it is not for this Court to speculate as to how much "credibility" the public would ascribe to Defendant's words. Whether credible or not, the Court is not permitted to hide information from the public purely because a party believes it is "unfounded" or may appeal to others with a similar viewpoint.

**IV. CONCLUSION**

For the foregoing reasons, the Governments request to seal Defendant's Letter is DENIED.

**SO ORDERED.**

**s/WFK**

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 31, 2026
Brooklyn, New York